**David D. HEATON, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 87–114.**

Supreme Court of Iowa.

March 16, 1988.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Christie J. Scase, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and SNELL, JJ.

SCHULTZ, Justice.

David Heaton was convicted of first-degree murder in 1981 following a bench trial. We affirmed that conviction in a 1982 unpublished opinion. Heaton later challenged the conviction by filing the present application for postconviction relief. Following a hearing, the district court denied him relief. We affirm.

On January 30, 1981, Heaton was ejected from a bar. When the bar owner later opened the door to see if he had left, Heaton fired several shots toward the door. One of the bullets killed a musician performing in the bar. Heaton was charged with first-degree murder on a felony-murder theory, Iowa Code § 707.2(2) (1981), on grounds that he had murdered the victim while participating in the forceable felony of terrorism, *id.* § 708.6. He raised a defense of diminished capacity by reason of intoxication but was found guilty of felony-murder. At the postconviction hearing and now on appeal, Heaton charges that the State's use of the felony-murder charge denied him due process. He further claims his trial attorney rendered ineffective assistance of counsel. We now turn to those issues.

I. *Due process.* Petitioner contends the State's use of a felony-murder charge denied him due process because the underlying felony, terrorism, and the homicide were one and the same act. He asserts that elevation of the homicide to first-degree murder "on the sole basis of an assault included within the homicide itself in effect relieved the State of the burden of proving an intentionally and knowingly caused death."

In an opinion filed this same day we have decided the due process issue raised by petitioner. In *State v. Ragland*, 420 N.W. 2d 791, 794 (Iowa 1988), we determined that the felony-murder rule does not violate due process when the underlying felony is willful injury under Iowa Code section 708.- 4. The underlying felony in *Ragland* is similar in nature to the underlying felony in this case and the arguments made were approximately the same as those presented here. Based on our holding in *Ragland*, we find no due process violation in this case.

II. *Ineffective assistance of counsel.* Petitioner contends that his attorney in the 1981 murder trial rendered ineffective assistance of counsel. The claim is based on the way his attorney presented the intoxication defense and the failure to pursue a possible self-defense defense. The court below found that the attorney had rendered effective assistance and had acted within the range of normal competency required of a defense counsel.

We first examine the principles by which we measure claims of ineffective assistance of trial counsel. As petitioner is asserting that his constitutional right to a fair trial was violated, we make an independent evaluation of the totality of the relevant circumstances, which is the equivalent of a de novo review. *See State v. Wilkens*, 346 N.W.2d 16, 18 (Iowa 1984). The petitioner bears the burden of proving by a preponderance of the evidence that his counsel was ineffective and must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *See Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981).

In examining trial counsel's performance, we require more than a showing that trial strategy did not work or that another attorney would have taken different steps in the preparation and trial of the case. *See Fryer v. State*, 325 N.W.2d 400, 413–15 (Iowa 1982). The United States Supreme Court has stated:

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694–95 (1984) (citation omitted).

In deciding whether or not prejudice resulted, we have required a showing that the attorney's failure to perform an essential duty worked to the client's actual and substantial disadvantage and thereby constituted a denial of the accused person's due process right to a fair trial. *See State v. Miles*, 344 N.W.2d 231, 234 (Iowa 1984).

Petitioner claims his trial lawyer failed to adequately investigate, develop and present his defense of diminished capacity by reason of intoxication. He points to counsel's failure to interview or depose certain witnesses. He argues that trial counsel should have called a medical expert to describe the nature of drugs consumed by petitioner prior to the incident and their effect when consumed with alcohol. Petitioner claims an attorney has a duty to probe, inquire and seek out facts relevant to his client's case and that if his attorney would have done this he could have presented evidence that would have negated his capacity to form the specific intent required for both premeditated murder and terrorism.

■ Initially, we note that premeditated murder is not an issue here as the trial court found the defendant guilty of felony-murder. *See Ragland*, 420 N.W.2d at 791. On the remaining contentions, our review of the totality of circumstances surrounding petitioner's representation by counsel convinces us that he has not met his burden of establishing ineffective assistance of counsel and prejudice. Counsel's duty to investigate and prepare a defense is not limitless and does not require counsel to pursue each possible witness and delve into every line of inquiry. *See Schrier v. State*, 347 N.W.2d 657, 662 (Iowa 1984).

■ At the postconviction hearing petitioner presented affidavits and other evidence from family members, friends, and acquaintances as to their recollection of what had occurred the night of the shoot-

ing. These people indicated that they had not been contacted by trial counsel and gave their recollection of certain events. The trial counsel was called to testify and exhibited little specific memory concerning the events of his investigation. Our examination of this evidence causes us to assess little credibility to these witnesses. More than five years had passed since the shooting. Outside of a brother, who petitioner stated was "pretty heavy into dope," the various witnesses were only with him for short periods of time and would not be able to confirm defendant's testimony as to the quantity and types of drugs and alcohol he claims to have consumed prior to the killing. Even if we believed this testimony was credible, trial counsel may well have chosen not to use it for strategic reasons. Moreover, petitioner has not established that, if presented, the evidence would have changed the outcome of the trial.

Trial counsel's failure to present expert testimony concerning the effects of the drugs petitioner claims to have consumed prior to the shooting presents a closer question. Petitioner testified at trial that he suffered a blackout and could not remember the events surrounding the shooting. At the hearing he presented an affidavit by a neuropsychologist who concluded that a childhood illness might have created a physical condition that would account for petitioner's angry behavior when he shot into the bar. The thrust of this evidence, however, went to premeditation which is not an element of felony-murder.

■ The deposition of the second witness, a pathologist, was also presented. This witness concluded that petitioner's drug and alcohol consumption could have caused a blackout and made him incapable of realizing that he was firing a gun into the bar. On cross-examination, however, he admitted that petitioner was capable of realizing that firing a gun into the lounge was a dangerous act which could kill someone.

We point out, as did the court at the postconviction hearing, that the trial judge did not believe Heaton's testimony about the blackout. The trial court pointed to his own statements following arrest which indicated he was aware of what had hap-

pened. The court found these statements to be "a clear indication that he had memory of what happened and had been considering his possible defenses to any charges." We believe that the question of whether or not to call an expert witness is a matter of trial strategy. Furthermore, in view of the trial court's reliance on petitioner's own statements which impeached his testimony as to a blackout, we fail to see any prejudice caused by his attorney's failure to obtain the services of an expert.

Additionally, petitioner points to evidence developed at the postconviction proceedings that a bar employee had fired a shot at him prior to his firing into the bar. Our view of this evidence, in light of the testimony given at trial, is that it simply is not credible.

In summary, we have examined all of petitioner's claims of ineffective assistance of counsel whether we have addressed them specifically or not. We agree with the trial court's assessment that the trial counsel acted well within the range of normal competency required of a defense attorney.

AFFIRMED.