# IN THE COURT OF APPEALS OF IOWA

No. 17-1162
Filed June 20, 2018

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**MARTIN GUERRERO-ADAME,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Muscatine County, Mary E. Howes, Judge.

　　Martin Guerrero-Adame appeals his conviction for third-degree sexual abuse. **AFFIRMED.**

　　Rockne O. Cole of Cole Law Firm, P.C., Iowa City, for appellant.

　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

　　Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A twelve-year-old girl told a forensic interviewer that her grandmother's husband touched her breasts and vagina. The State charged Martin Guerrero-Adame with third-degree sexual abuse, in violation of Iowa Code section 709.4(1)(b)(2) (2016). Following a bench trial, the district court found him guilty as charged.

On appeal, Guerrero-Adame contends his trial attorney was ineffective "in presenting" an expert who, in the eyes of the district court, did nothing to advance his cause. To prevail he must show (1) deficient performance and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find the record adequate to address the issue. *See State v. Braggs*, 784 N.W.2d 31, 34 (Iowa 2010). The pertinent record is as follows.

The defense called a psychiatrist to the stand. He spoke in generalities about protocols for forensic interviews. He then agreed with the defense attorney that the forensic interviewer who spoke to the child should have "gone into more detail." When asked why, he responded, "The more information one has, the better—you know, the more it substantiates, you know, the issue." Defense counsel pressed for specifics. The psychiatrist answered, "I think, just, you know, to get a better understanding of how that particular action played out as much as one could."

Defense counsel next asked the psychiatrist whether he had any "medical opinions." He responded, "I didn't give an opinion, mainly because I couldn't give an opinion. I didn't evaluate all parties. I thought that there were gaps in the information, and frankly, I couldn't come up with an opinion."

The district court found the psychiatrist's testimony unhelpful. After noting that he failed to "interview anyone in connection with this case" and gave "no opinion as to the case," the court characterized the expert's testimony as "a lot of circular gobbledygook that did not shed any light on this case." The court expressed uncertainty as to "why the doctor was called."

We agree the psychiatrist added little to the defense presentation. But he also did not "bolster[] the State's case," as Guerrero-Adame asserts. His testimony and report aided neither side. *See State v. Clay*, 824 N.W.2d 488, 496 (Iowa 2012) ("In determining whether [there is prejudice], we must consider . . . what factual findings would have been affected by counsel's errors . . . ." (quoting *State v. Graves*, 668 N.W.2d 860, 882-83 (Iowa 2003))). The court's finding of guilt turned on the testimony of the child, who provided a detailed description of the sex acts Guerrero-Adame perpetrated. In the district court's words, her testimony was "convincing, credible, believable, and compelling." Given her articulate statements of what transpired, there is no reasonable probability of a different result had defense counsel kept the psychiatrist off the stand. *See Strickland*, 466 U.S. at 494 (requiring a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Heaton v. State*, 420 N.W.2d 429, 432 (Iowa 1988) ("[I]n view of the trial court's reliance on petitioner's own statements which impeached his testimony as to a blackout, we fail to see any prejudice caused by his attorney's failure to obtain the

services of an expert.").  We affirm Guerrero-Adame's conviction for third-degree sexual abuse.

**AFFIRMED.**