**IN THE COURT OF APPEALS OF IOWA**

No. 19-0356
Filed September 23, 2020

**LOREN LONG,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


        Loren Long appeals the denial of his application for postconviction relief.

**AFFIRMED.**


        Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee State.


        Considered by Mullins, P.J., Schumacher, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**CARR, Senior Judge.**

Loren Long lived at Freedom Homes Ministries, a non-profit organization that provides a residence to people who are starting over. Two staff members found a large number of images depicting child pornography in a plastic tote in Long's room. The State charged Long with ten counts of sexual exploitation of a minor, and a jury found Long guilty of all counts. Long filed an application for postconviction relief (PCR), alleging he was convicted in violation of the constitution. Long appeals the district court's denial of the application, alleging he received ineffective assistance of his trial counsel.

We review ineffective-assistance-of-counsel claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed, Long must show counsel breached a duty and prejudice resulted. *See id.* We may affirm the denial of a PCR application if either element is lacking. *See id.* Counsel breaches a duty if counsel's performance falls below the standard of a reasonably competent attorney, and a defendant is prejudiced if the outcome of the proceeding would have been different had counsel performed effectively. *See id.* We presume counsel performed competently unless Long proves otherwise by a preponderance of the evidence. *See State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020). We measure counsel's performance objectively against the prevailing professional norms, taking all circumstances into consideration. *See id.*

Long first contends his trial counsel was ineffective by failing to thoroughly investigate and present evidence regarding employees and residents of the house. Long told his counsel "that he didn't know that those pictures were in his tote and that someone else had placed them there." Long claims that by investigating and

doing background checks on the staff and other residents, counsel "could have turned up evidence" that would have allowed him to "point the finger at" another suspect.

"A claim for ineffective assistance of counsel . . . can center on a defense attorney's failure to adequately investigate. To provide effective assistance of counsel during the investigatory stage, counsel is required to conduct a reasonable investigation and to make reasonable decisions regarding discovery." *State v. Russell*, 897 N.W.2d 717, 730 (Iowa 2017) (internal citation omitted). But the duty to investigate is not limitless, nor does it "require counsel to pursue each possible witness and delve into every line of inquiry." *Heaton v. State*, 420 N.W.2d 429, 431 (Iowa 1988); *see also Schrier v. State*, 347 N.W.2d 657, 662 (Iowa 1984) (stating that the duty to investigate "does not require that counsel pursue 'every path until it bears fruit or until all conceivable hope withers'" (citation omitted)). The reasonableness of counsel's investigation "must be judged in relationship to the particular underlying circumstances." *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001).

Long falls short of his burden of showing either a breach of duty or prejudice. Long's attorney testified at the PCR hearing that her decision not to investigate the staff or other residents was strategic. Such decisions are immune from a claim of ineffective assistance of counsel after the fact. *See Osborn v. State*, 573 N.W.2d 917, 924 (Iowa 1998). That is because "mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma*, 626 N.W.2d at 142. But even assuming counsel breached a duty by failing to investigate thoroughly, Long has failed to show how he was prejudiced. As the PCR court

noted, Long failed to present any evidence showing the additional investigation "would have resulted in the actual discovery [of] any evidence or information that would undermine the result of his criminal trial."

Long also contends his trial counsel was ineffective by failing to move for the trial judge to recuse himself because the judge knew Long before trial, which may have caused the judge to be prejudiced against him. But trial counsel testified that Long never told her that he had any prior connection to the judge and that she believed the judge "was extremely fair." She also testified that had she been informed of any potential relationship between Long and the judge, she would have raised the issue. Trial counsel recalled that she was first informed about the allegation when Long's PCR counsel contacted her. Although Long disputed this testimony, the PCR court found trial counsel's testimony was credible and Long's testimony was not. We give weight to the PCR court's credibility findings. *Id.* at 141. On this basis, we find counsel had no duty to move for recusal of the trial court judge.

**AFFIRMED.**