# IN THE COURT OF APPEALS OF IOWA

No. 19-1133
Filed January 21, 2021

**WILLIAM LAMONT TAYLOR,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, Judge.

William Taylor appeals the district court order denying his second postconviction-relief petition. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Following a jury trial, William Taylor was convicted of assault on a peace officer with a dangerous weapon and eluding. After his convictions were affirmed on appeal, a hearing was held on Taylor's postconviction-relief (PCR) petitions. The petitions were denied by the district court on the merits. Taylor appeals the district court's denial of his request for PCR. On appeal, Taylor raises a number of ineffective-assistance-of-counsel claims.

## I. Background

The underlying facts were summarized by our court on Taylor's direct appeal from his convictions:

> On patrol in the early morning hours of June 13, 2015, Des Moines police noticed a Mercury Mountaineer SUV being driven without proper license plates. When the officers signaled the driver to stop, he instead accelerated—reaching speeds of 80 miles per hour on Interstate 235 and 60 miles per hour in residential neighborhoods. About four miles into the pursuit, the driver—later identified as Taylor—drove onto his own yard and was surrounded by three squad cars. Three separate dash cameras recorded the incident. The videos show Taylor making a U-turn on the grass, and then revving his engine, before ramming headlong into a squad car driven by Officer Trevor Spear.
>
> The officers seized Taylor, who told them he was running because he had a warrant out for his arrest. The State charged Taylor with assault on a peace officer with a dangerous weapon, in violation of Iowa Code section 708.3A(2) (2015), as an habitual offender, under section 902.8 and 902.9, and eluding, in violation of section 321.279(2). A jury convicted Taylor on both offenses, and he stipulated to his prior felony convictions. The district court sentenced Taylor to a total of fifteen years in prison with a mandatory minimum term of three years.

*State v. Taylor*, No. 15-2128, 2017 WL 935066, at *1 (Iowa Ct. App. Mar. 8, 2017).

Additional facts will be discussed as necessary.

## II.    Standard of Review

"Our review of claims of ineffective assistance of counsel is de novo."  *State v. Roby*, 951 N.W.2d 459 (Iowa 2020) (quoting *State v. Ortiz*, 905 N.W.2d 174, 179 (Iowa 2017)).

## III.   Discussion

All of Taylor's claims on appeal allege his trial counsel was ineffective.  "In order to support a claim of ineffective assistance of counsel, a defendant must show (1) that counsel failed to perform an essential duty and (2) that prejudice resulted."  *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020); *accord Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element."  *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015).

To show that trial counsel failed to perform an essential duty, a defendant "must show that counsel's performance was deficient."  *Id.* (quoting *Strickland*, 466 U.S. at 687).  "[W]e measure counsel's performance against the standard of a reasonably competent practitioner."  *Nguyen v. State*, 878 N.W.2d 744, 752 (Iowa 2016) (quoting *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015)).  We also consider "whether counsel's assistance was reasonable considering all the circumstances."  *Kuhse*, 967 N.W.2d at 628 (quoting *Strickland*, 468 N.W.2d at 688).

To show prejudice, defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id.* (quoting *Strickland*, 468 N.W.2d at 694).

### a. Failure to Investigate Vehicle

Taylor first alleges trial counsel was ineffective for failing to locate the SUV Taylor used to elude law enforcement and drive into Officer Spear's squad car. Taylor claims he did not intentionally ram the SUV into the officer's squad car, asserting it rolled into the squad car after being knocked into neutral by another squad car's contact with the SUV. Taylor maintains that finding the SUV would have allowed Taylor to obtain "a mechanic to examine the vehicle in order to definitively determine if the vehicle was disabled in accordance with [Taylor]'s testimony," which in turn would make Taylor's testimony more credible and establish he "did not have the necessary intent to assault the police officers after he stopped the vehicle in his yard."

We conclude trial counsel did not err by failing to further investigate and examine the SUV Taylor was driving. On Taylor's direct appeal, our court already determined that the evidence on the record, including the four officers' testimony and the video evidence, supports the finding that Taylor had the "specific intent to cause the officer pain or injury or place the officer in fear of undesirable contact." *Taylor*, 2017 WL 935066, at *2. The record shows that Taylor revved the SUV's engine immediately before driving the SUV directly into Officer Spear's vehicle. Even if we assumed counsel neglected a duty by failing to investigate the condition of the SUV, a dubious assumption at best, it does not matter, as Taylor cannot meet the prejudice prong of the ineffective-assistance-of-counsel analysis because he cannot show a reasonable probability the results would have been

different had trial counsel investigated the condition of the vehicle. The evidence of Taylor's guilt was simply too overwhelming.

### b. Spoliation Instruction

Taylor next argues trial counsel should have requested a spoliation instruction be given to the jury in relation to the SUV. Such an instruction "is a direction to the jury that it [may] infer from the State's failure to preserve [evidence] that the evidence would have been adverse to the State." *State v. Hartsfield*, 681 N.W.2d 626, 630 (Iowa 2004) (alteration in original) (quoting *State v. Vincik*, 398 N.W.2d 788, 795 (Iowa 1987)). A spoliation instruction is warranted when the defendant establishes that "(1) evidence exists, (2) it is in the possession or under the control of the State, (3) it would have been admissible at trial, and (4) the State intentionally destroyed the evidence." *Id.* at 631. Taylor claims the State "deliberately sold" the SUV, and the State's actions "illustrate bad faith" on the State's part sufficient to warrant a spoliation instruction.

Even if we assumed a spoliation instruction would have been given if requested and defense counsel breached a duty by failing to request such an instruction, Taylor's claim of ineffective assistance of counsel still fails because he cannot meet the prejudice prong. Given the overwhelming video and eyewitness evidence of Taylor's guilt, there is no reasonable probability the outcome of his trial would have been different had his counsel requested and received a spoliation instruction.

### c. Failure to File Motion in Limine

Taylor next argues counsel breached an essential duty by failing to file a motion in limine to address his prior theft convictions. He argues this failure

allowed the State to discuss the convictions in the jury's presence, which "tainted his character and credibility" with the jurors.

This claim of ineffective assistance of counsel fails on both the breach of duty and the prejudice prong. Prior to the criminal trial, counsel for both sides stipulated that no evidence would be introduced regarding Taylor's prior convictions or an episode in which he tried to elude police a matter of days before the incidents leading to the charges that are the subject of these proceedings. The parties also agreed to redact portions of the video addressing prior charges and incidents. Due to the agreement of the parties, they did not feel a motion in limine was needed. The terms of the agreement were honored by both sides at trial until Taylor decided to testify. Before he testified, he was informed that he could be questioned in front of the jury about his prior theft convictions and the jury would hear about those convictions only if he testified. He was asked whether he still wanted to testify knowing that the only way the jury could hear about his past criminal record was if he testified. Taylor informed the court that such information did not change his mind about wanting to testify. Taylor went through with his decision to testify and was impeached with his prior convictions for theft. Under these circumstances, Taylor's counsel did not breach any duty by failing to file a motion in limine.

### d. Expert Testimony on Post-Traumatic Stress Disorder

In his final claim on appeal, Taylor argues trial counsel erred by failing to obtain an expert witness on post-traumatic stress disorder (PTSD). Taylor maintains that he has PTSD from his prior interactions with the police, and trial

counsel's failure to explore his condition prevented the jury from understanding his decision-making on the night of his arrest.

Calling an expert witness is generally considered a tactical decision left to trial counsel. *Heaton v. State*, 420 N.W.2d 429, 432 (Iowa 1998) ("[T]he question of whether or not to call an expert witness is a matter of trial strategy."). We will not engage in second-guessing when counsel makes a reasonable tactical decision. *Fryer v. State*, 325 N.W.2d 400, 413 (Iowa 1982). On the facts of this case, trial counsel's decision not to call a PTSD expert was reasonable.

The only evidence on record suggesting Taylor had PTSD is Taylor's own assertions before the PCR court. Trial counsel explained he felt a PTSD expert was unnecessary because eluding is a general intent crime, so a claim of diminished capacity would not be a defense. *See Anfinson v. State*, 758 N.W.2d 496, 502 (Iowa 2008) (holding diminished responsibility does not negate general criminal intent and is therefore not a defense to general intent crimes). Furthermore, Taylor's trial strategy was to deny having assaulted the officers with his vehicle, not that he did so because of diminished capacity or some other reason. Given this trial strategy agreed to by Taylor, calling a PTSD expert would be inconsistent with that strategy. We conclude this tactical decision was reasonable, and therefore determine Taylor has failed to establish trial counsel breached an essential duty by failing to retain a PTSD expert.

Having concluded Taylor has failed to establish his claims of ineffective assistance of counsel, we affirm the district court's denial of his PCR petitions.

**AFFIRMED.**