# IN THE COURT OF APPEALS OF IOWA

No. 19-1656
Filed February 17, 2021

**JAMIE DEAN TRICKEL,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,

Judge.


        Jamie Dean Trickel appeals the denial of his application for postconviction

relief. **AFFIRMED.**



        Geneva L. Williams of Williams Law Office, PLLC (until withdrawal), Cedar

Rapids, and Mary Wolfe of Wolfe Law Office, Clinton for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee State.


        Considered by Mullins, P.J., May, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**CARR, Senior Judge.**

Jamie Dean Trickel appeals the denial of his application for postconviction relief (PCR) following his convictions of first-degree burglary and second-degree sexual abuse. This court affirmed Trickel's convictions on direct appeal. *State v. Trickel*, No. 15-0386, 2016 WL 531841, at *1 (Iowa Ct. App. Feb. 10, 2016). Soon after issuance of procedendo, he brought the PCR claim now before us. The facts of the matter are set out in our opinion on direct appeal. *See id.* at *1–3.

Identification of the assailant was the critical issue at trial. The complaining witness identified Trickel by name in her reports to the police. Defense counsel pointed out some inconsistencies and omissions in her earlier reports and suggested some details she provided in her account were of more recent origin. But strong evidence corroborated her identification; a search warrant led to the discovery of items used in the assault in Trickel's home, including clothing, a supply of blue latex gloves, photographs centering on women in high-heeled shoes stored in his cellular telephone, a handgun, and two Taser devices.

Trickel contends his trial counsel was ineffective by failing to (1) depose the complaining witness, (2) secure an expert witness in eyewitness identification, and (3) call an expert witness in DNA analysis or conduct independent testing of DNA or gun-marking evidence. We review his claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed on an ineffective-assistance claim, Trickel must show counsel breached a duty and prejudice resulted. *See id.* Counsel breaches a duty by performing below the standard of a reasonably competent attorney, and prejudice exists if the outcome of the proceeding would

have been different had counsel performed effectively. *See id.* We may affirm if either element is lacking. *See id.*

Decisions on whether to depose witnesses or hire expert witnesses fall under the category of trial strategy. *See Heaton v. State*, 420 N.W.2d 429, 432 (Iowa 1988) ("We believe that the question of whether or not to call an expert witness is a matter of trial strategy."); *State v. Williams*, 341 N.W.2d 748, 752 (Iowa 1983) (noting there may be sound reasons for an attorney's decision not to depose the complaining witnesses); *Bizzett v. Brewer*, 262 N.W.2d 273, 276 (Iowa 1978) (observing that "depositions may be unnecessary or bad strategy or be inadvisable for other reasons"). "Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel." *Osborn v. State*, 573 N.W.2d 917, 924 (Iowa 1998). The question is "whether the actions were a product of tactics or inattention to the responsibilities of an attorney guaranteed a defendant under the Sixth Amendment." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001). Strategic decisions made after thorough investigation "are virtually unchallengeable." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). But counsel is not required "to pursue each possible witness and delve into every line of inquiry." *Heaton v. State*, 420 N.W.2d 429, 431 (Iowa 1988); *see also Schrier v. State*, 347 N.W.2d 657, 662 (Iowa 1984) (stating that the duty to investigate "does not require that counsel pursue 'every path until it bears fruit or until all conceivable hope withers'" (citation omitted)).

Even assuming counsel breached a duty by failing to depose the complaining witness or call expert witnesses, Trickel fails to show prejudice. Trial

counsel skillfully cross-examined the complaining witness about discrepancies in her identification. The content of the exam made evident that counsel possessed police reports recounting the complaining witness's two prior police statements. The trial court's jury instruction on how to evaluate her identification testimony covered much of the ground an expert witness might explain to the jury. *See State v. Jordan*, No. 11-0431, 2013 WL 750137, at *2 (Iowa Ct. App. Feb. 27, 2013) (holding the court's instruction to the jury on how to evaluate eyewitness identification testimony provided the jury with the necessary framework to assess the witness's identification); *see also Thigpen v. State*, No. 16-1855, 2018 WL 5291316, at *3 (Iowa Ct. App. Oct. 24, 2018) ("The inclusion of this instruction obviated the need for an expert." (citing *Jordan*, 2013 WL 750137, at *2)). And Trickel fails to show independent testing of the DNA or gun markings would have changed the result of trial, claiming only that it "may have aided in presenting a more thorough defense." Such speculation is insufficient to establish prejudice. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." (internal citation omitted)); *State v. Edwards*, 571 N.W.2d 497, 501 (Iowa Ct. App. 1997) (stating mere speculation is insufficient to establish prejudice).

Because Trickel failed to prove both that his trial counsel breached a duty and prejudice resulted, we affirm the denial of his PCR application.

**AFFIRMED.**