# IN THE COURT OF APPEALS OF IOWA

No. 20-0550
Filed May 26, 2021

**TROY LEE MURE, JR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

Troy Lee Mure Jr. appeals the denial of his application for postconviction relief. **AFFIRMED.**

Gregory F. Greiner, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Troy Lee Mure Jr. drove his girlfriend down a residential Des Moines street at a speed of ninety miles an hour. The car crashed, and his girlfriend died. Before Mure turned onto the residential street, a Cadillac began following him, and someone in the vehicle displayed a gun.

The State charged Mure with homicide by vehicle as an habitual offender. *See* Iowa Code §§ 707.6A(2)(a), 902.8 (2015). Mure raised a defense based on the role of the Cadillac. The district court rejected the defense and found him guilty following a bench trial. The court of appeals affirmed his judgment and sentence. *See State v. Mure*, No. 16-1169, 2017 WL 1735886, at *1–2 (Iowa Ct. App. May 3, 2017).

Mure filed a postconviction-relief application. The district court held an evidentiary hearing, then denied the application. On appeal, Mure contends his trial attorney was ineffective in failing to "use an accident reconstruction expert to assist with his defense," and his postconviction attorney was similarly ineffective in failing to "use an accident reconstruction expert to assist with his application." He also contends his trial attorney was ineffective in failing to "investigate and present possible exculpatory evidence." Mure must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## I. *Failure to Call Accident Reconstruction Expert*

Mure contends "[t]he most important aspect of [his] defense is whether his car was rammed by the Cadillac, and whether that intervening act was the proximate cause of the accident and death of his girlfriend." In his view, an

accident reconstruction expert could have refuted the State's expert testimony on this issue.

Mure faces a significant hurdle in the form of our opinion on direct appeal. We determined there was substantial evidentiary support for the district court's finding Mure was not "hit, tapped, or rammed by the Cadillac." *Mure*, 2017 WL 1735886, at *4. We cited an officer's testimony that "any contact between the Cadillac and [the] vehicle [Mure was driving] would most likely have left markings, paint transfer, or denting on the bumper of [the] vehicle—none of which were present." *Id.* at *5. We noted the officer "ruled out contact with another vehicle as a cause for the accident and [the woman's] death." *Id.* Based on those findings, we stated, "[T]he trial court did not err in concluding Mure's reckless driving was the proximate cause of [the woman's] death." *Id.*

Mure's claim that his trial attorney was ineffective in failing to call a reconstruction expert is a repackaged challenge to the proximate cause determination conclusively decided against him on direct appeal. Mure is foreclosed from re-litigating the issue. *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("The first three issues identified above . . . are in effect direct attacks on this court's holding on direct appeal. . . . Our decision on direct appeal is thus final as to all issues decided therein, and is binding upon both the postconviction court and this court in subsequent appeals."); *see also* Iowa Code § 822.8 (2018) ("Any ground finally adjudicated . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.").

Even if Mure's claim did not implicate an issue that was raised and decided, it fails on the merits. Mure's trial attorney testified that he predicated his defense on the chase by the Cadillac rather than a rear bump by the Cadillac:

> I believe that it was my thought and argument to the court that it really didn't matter whether or not the Cadillac touched [Mure]'s car or not. The Cadillac was chasing [Mure], and [Mure] felt his only avenue of escape and protection was to speed towards that grocery store. So whether it touched or not, the Cadillac and the people in it or the operator of it caused this accident, touching or not.

Because counsel's strategy did not turn on whether the Cadillac hit the car Mure was driving, a reconstruction expert was unnecessary.

On our de novo review, we conclude Mure's trial attorney did not breach an essential duty in failing to call a reconstruction expert. *See State v. Polly*, 657 N.W.2d 462, 468 (Iowa 2003) ("Generally, the decision not to call a particular witness or the defendant to testify implicates a reasonable tactical decision. 'Improvident trial strategy or miscalculated tactics' typically do not constitute ineffective assistance of counsel." (citation omitted)); *Heaton v. State*, 420 N.W.2d 429, 432 (Iowa 1988) ("We believe that the question of whether or not to call an expert witness is a matter of trial strategy."). It follows that postconviction counsel did not breach an essential duty in failing to call a reconstruction expert to support the application.

## II. Failure to Investigate Possible Exculpatory Evidence

Mure contends "[his] defense depended on the condition of the Cadillac, whether there was evidence to support an intervening event, and whether it was reasonable for him to drive extremely fast to escape a life-threatening situation. All of that evidence was ripe for development, but simply was not developed." In

his view, counsel should have investigated (1) a convenience store surveillance video purporting to show extensive damage to the Cadillac; (2) threatening messages against Mure's life; and (3) the owner of the Cadillac.

Our discussion above concerning the role of the Cadillac is dispositive of the first contention. To reiterate, the court of appeals affirmed the district court's finding that the Cadillac did not hit the vehicle Mure was driving. Mure's claim that counsel should have looked into surveillance video showing damage to the Cadillac is an impermissible attempt to re-litigate the determination. But, even if Mure could pursue this ineffective-assistance claim, his attorney testified the defense theory did not depend "on the condition of the Cadillac." In light of his defense theory, there was no need for counsel to investigate surveillance video capturing the condition of the Cadillac.

The court of appeals also addressed threats to Mure, the second topic Mure contends his attorney should have investigated:

> The harm in this case was initially present, imminent, impending, and of such a nature as to induce well-grounded apprehension of death or serious bodily harm if the act is not done. However, once Mure turned onto [the residential] street, that harm dissipated. The Cadillac was no longer pulling up next to him, it was now behind him. No shots were fired. It was simply not necessary to drive recklessly to avoid the harm.

*Mure*, 2017 WL 1735886, at *3. As Mure concedes, the court gave credence to his belief that he was threatened by someone in the Cadillac. But the court decided the threats did not provide grounds to drive recklessly. Again, the question of threats was litigated, and there was no basis for re-litigating the question.

That said, Mure's attorney delved into the threatening messages at trial. Counsel asked Mure's mother whether she heard about threats to her son. The

mother responded that she saw social network postings and, specifically, "Facebook-type things", including pictures of guns. She said rumors were circulating "through like Facebook messages."

The State did not dispute the existence of threats. Indeed, the prosecutor confirmed the threats with Mure and suggested Mure could have contacted police in lieu of driving recklessly. Because the existence of the threats was not an issue, Mure's attorney had no reason to offer the underlying social media posts. We conclude counsel did not breach an essential duty in failing to "retrieve[] the threatening messages."

We are left with Mure's contention that his trial attorney should have interviewed the owner of the Cadillac. In fact, counsel was aware of the owner's importance. He listed her as a trial witness and resisted the State's motion to bar her from testifying. Ultimately, the owner did not testify, but not for lack of effort on counsel's part. In any event, the role of the Cadillac and its occupants was thoroughly vetted without her testimony. Mure points to nothing more counsel would have gleaned by "us[ing] an investigator to interview" her. We conclude Mure's trial attorney did not breach an essential duty in failing to follow up with the Cadillac's owner.

We affirm the district court's denial of Mure's ineffective-assistance-of-counsel claims and his postconviction-relief application.

**AFFIRMED.**